IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 26- 63 |
| | ) | |
| v. | ) | |
| | ) | |
| MUHAMMED KOC | ) | [UNDER SEAL] |
| a/k/a "Moe" | ) | |
| OMAR ALSHMARI | ) | |
| ABRAHAM CHOUDHRY | ) | **FILED** |
| a/k/a "Abe" | ) | |
| EMIRHAN ARSLAN | ) | |
| a/k/a "Emir" | ) | MAR 2 5 2026 |
| ALI ALKHALEEL | ) | |
| ADEEL PIRACHA | ) | CLERK U.S. DISTRICT COURT |
| a/k/a "Adel" | ) | WEST. DIST. OF PENNSYLVANIA |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Carl J. Spindler, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a seven-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/ SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| One | Hate Crime Act<br><br>On or about September 27, 2024 | 18 U.S.C. §§ 249(a)(1)(A) & 2 | MUHAMMED KOC and OMAR ALSHMARI |
| Two | Conspiracy to Obstruct the Due Administration of Justice<br><br>From in and around January 2025 to in and around March 2025 | 18 U.S.C. § 371 | MUHAMMED KOC OMAR ALSHMARI ABRAHAM CHOUDHRY EMIRHAN ARSLAN ALI ALKHALEEL and ADEEL PIRACHA |

| | | | |
|---|---|---|---|
| Three | Obstruction of the Due Administration of Justice<br><br>From in and around January 2025 to on or about February 25, 2025 | 18 U.S.C. § 1503(a) | OMAR ALSHMARI |
| Four | Obstruction of the Due Administration of Justice<br><br>From in and around January 2025 to on or about February 25, 2025 | 18 U.S.C. § 1503(a) | ABRAHAM CHOUDHRY |
| Five | Obstruction of the Due Administration of Justice<br><br>From in and around January 2025 to on or about February 26, 2025 | 18 U.S.C. § 1503(a) | EMIRHAN ARSLAN |
| Six | Obstruction of the Due Administration of Justice<br><br>From in and around January 2025 to on or about February 26, 2025 | 18 U.S.C. § 1503(a) | ALI ALKHALEEL |
| Seven | Obstruction of the Due Administration of Justice<br><br>From in and around January 2025 to on or about March 4, 2025 | 18 U.S.C. § 1503(a) | ADEEL PIRACHA |

## II. **ELEMENTS OF THE OFFENSES**

**A.** **As to Count One:** In order to establish the crime of Hate Crime Act, in violation of 18 U.S.C. § 249(a)(1)(A), the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant acted willfully;

2. That the defendant caused bodily injury to the person identified in the charge; and

2

3.      That the defendant acted because of the actual or perceived race and/or religion of the person.

> 18 U.S.C. § 249(a)(1); *United States v. Bowers*, No. CR 18-292-RJC, 2022 WL 17718686, at *5 (W.D. Pa. Dec. 15, 2022).

**B.      As to Count Two:** In order to establish the crime of Conspiracy to Obstruct the Due Administration of Justice, in violation of 18 U.S.C. § 371, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2.      That the defendant was a party to or member of that agreement;

3.      That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

4.      That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

> Third Circuit Model Criminal Jury Instruction 6.18.371; *see also United States v. Scarfo*, 41 F.4th 136, 196 (3d Cir. 2022).

**C.      As to Counts Three through Seven:** In order to establish the crime of Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. § 1503(a), the government must prove all of the following essential elements beyond a reasonable doubt:

1.      The existence of a judicial proceeding;

2.      That the defendant had knowledge or notice of the pending proceeding;

3

3. That the defendant acted corruptly with the intent of influencing, obstructing, or impeding the proceeding in the due administration of justice; and

4. That the action had the natural and probable effect of interfering with the due administration of justice.

18 U.S.C. § 1503(a); *United States v. Sussman*, 709 F.3d 155, 168 (3d Cir. 2013).

### III.  PENALTIES

**A.**  **As to Count One:  Hate Crime Act (18 U.S.C. § 249(a)(1)(A) & 2):**

1. A term of imprisonment of not more than 10 years (18 U.S.C. § 249(a)(1)(A)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three years (18 U.S.C. § 3583(b)(2)).

**B.**  **As to Count Two:  Conspiracy to Obstruct the Due Administration of Justice (18 U.S.C. § 371):**

1. A term of imprisonment of not more than five years (18 U.S.C. § 371).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three years (18 U.S.C. § 3583(b)(2)).

**C.**  **As to Counts Three through Seven: Obstruction of the Due Administration of Justice (18 U.S.C. § 1503(a)):**

1. A term of imprisonment of not more than 10 years (18 U.S.C. § 1503(b)(3)).

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

4

3.    A term of supervised release of not more than three years (18 U.S.C. § 3583(b)(2)).

## IV. **MANDATORY SPECIAL ASSESSMENT**

A mandatory special assessment of $100.00 must be imposed at each count upon which a defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney

*/s/ Carl J. Spindler*
CARL J. SPINDLER
Assistant U.S. Attorney
PA ID No. 325867